IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONSO CERVANTES REYES,<br><br>    Petitioner,<br><br>  v.<br><br>JERRY BROWN, California Attorney General, J.C. HOLLAND, Warden, FCI-Ashland,<br><br>    Respondents.                   / | Nos. C 10-05643 CW (PR)<br>       C 10-05795 CW (PR)<br><br>ORDER OF DISMISSAL; TERMINATING ALL PENDING MOTIONS; DENYING CERTIFICATE OF APPEALABILITY |

Petitioner has filed two pro se petitions for a writ of habeas corpus under 28 U.S.C. § 2254 challenging expired convictions and sentences obtained in the Santa Clara County Superior Court in 2005. Petitioner has paid the filing fee in both actions. He currently is incarcerated at the Federal Correctional Institution in Ashland, Kentucky, where he apparently is facing deportation proceedings.

Federal courts lack jurisdiction over habeas corpus petitions unless the petitioner is in custody under the conviction or sentence under attack at the time his petition is filed. Maleng v. Cook, 490 U.S. 488, 490-91 (1989). Here, Petitioner was not in State custody when he filed the instant petitions, and the immigration consequences of his State convictions are not enough to render him "in custody pursuant to the judgment of a State court" for purposes of § 2254. Resendiz v. Kovensky, 416 F.3d 952, 958 (9th Cir. 2005) (detainee facing deportation on basis of state-court conviction not in custody pursuant to judgment of state court and cannot file habeas petition under § 2254). Therefore,

1 Petitioner cannot challenge the validity of his State convictions
2 under § 2254.  Id.

3 　　Additionally, Petitioner cannot challenge the validity of his
4 federal custody by attacking collaterally his State court
5 convictions in a habeas corpus petition under 28 U.S.C. § 2241.
6 Id. at 960; see also Contreras v. Schiltgen, 122 F.3d 30, 31-32
7 (9th Cir. 1997), aff'd on add'l grounds in Contrereas v. Schiltgen,
8 151 F.3d 906 (9th Cir. 1998).  Until a habeas petitioner has
9 successfully overturned his State conviction in an action against
10 the State, federal immigration authorities are entitled to rely on
11 the conviction as a basis for custody and eventual deportation.
12 See Contreras, 122 F.3d at 33.  Consequently, Petitioner's sole
13 remedy is to attack his State court conviction in State court.  See
14 id. ("The validity of Contreras' California conviction can only be
15 tested in an action against the state, which has the greatest
16 interest in preserving its judgment and the best ability to either
17 correct or defend it."); see also Resendiz, 416 F.3d at 960.[1]

18 　　For the foregoing reasons, the instant petitions for a writ of
19 habeas corpus are DISMISSED.  Further, pursuant to Rule 11 of the

---

[1] Petitioner sought State habeas corpus relief to overturn the convictions he challenges in the instant petitions but was unsuccessful. Specifically, the computer database of the California Appellate Courts shows that on November 17, 2010, the California Supreme Court summarily denied Petitioner habeas relief with citations to: In re Robbins, 18 Cal.4th 770, 780 (1998), which stands for the proposition that the petition is untimely; People v. Villa, 45 Cal.4th 1063 (2009), which holds that a habeas petitioner who has fully served his State sentence and is the subject of deportation proceedings is no longer in constructive State custody for the purpose of seeking State habeas corpus relief; and In re Wessley W., 125 Cal. App. 3d 240, 246 (1981), which holds that a habeas petitioner is not in constructive State custody after his term of probation has expired and criminal charges against him have been dismissed.

1  Rules Governing Section 2254 Cases, a certificate of appealability
2  under 28 U.S.C. § 2253(c) is DENIED because it cannot be said that
3  "reasonable jurists would find the district court's assessment of
4  the constitutional claims debatable or wrong."  <u>Slack v. McDaniel</u>,
5  529 U.S. 473, 484 (2000).  Petitioner may seek a certificate of
6  appealability from the Ninth Circuit Court of Appeals.
7       The Clerk of the Court shall enter a judgment of dismissal
8  with prejudice, terminate all pending motions in both actions and
9  close the files.
10      IT IS SO ORDERED.



Dated: 6/20/2011         CLAUDIA WILKEN
                         UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

3

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ALFONSO C REYES,

        Plaintiff,

  v.

JERRY BROWN et al,

        Defendant.

Case Number: CV10-05643 CW
CV10-05795 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 20, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Alfonso Cervantes Reyes 10337-111
Federal Correctional Institution - Ashland
P.O. Box 6001
Ashland, KY 41105

Dated: June 20, 2011

        Richard W. Wieking, Clerk
        By: Nikki Riley, Deputy Clerk

4