**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ALFONSO CERVANTES REYES,                    Nos. C 10-05643 CW (PR)
                                                  C 10-05795 CW (PR)
              Petitioner,

     v.
                                            ORDER DENYING MOTIONS FOR
                                            RECONSIDERATION; DENYING AS
KAMALA HARRIS, California                   MOOT REQUEST FOR EXTENSION OF
Attorney General, J.C. HOLLAND,             TIME TO SEEK LEAVE TO PROCEED
Warden, FCI-Ashland,                        IN FORMA PAUPERIS ON APPEAL

              Respondents.
_____/


                          BACKGROUND

     Petitioner filed the above two pro se petitions for a writ of
habeas corpus under 28 U.S.C. § 2254 challenging expired
convictions and sentences imposed in the Santa Clara County
Superior Court in 2005.  On June 20, 2011, the Court dismissed the
petitions on the ground that it lacked jurisdiction to consider
Petitioner's challenges to his state convictions because Petitioner
no longer is in custody under either conviction.

     Further, because it appeared that Petitioner, who currently is
incarcerated at the Federal Correctional Institution in Ashland,
Kentucky, is facing deportation proceedings, the Court found that
he is not in custody under the state convictions as a result of the
immigration consequences of those convictions.

     Additionally, the Court determined that Petitioner cannot
challenge the validity of his federal immigration custody by
attacking his state convictions in a habeas petition under 28
U.S.C. § 2241.  Rather, the Court explained, until a habeas
petitioner has successfully overturned his state conviction in an
action against the State, federal immigration authorities are

entitled to rely on the conviction as a basis for custody and eventual deportation.

Based on the above, the Court dismissed the petitions and denied a certificate of appealability.

Petitioner then filed a motion for reconsideration of the Order of dismissal in each of his petitions, and also filed a request for a certificate of appealability from the Ninth Circuit Court of Appeals. On September 23, 2011, this Court granted Petitioner's request to proceed in forma pauperis on appeal.[1] The Ninth Circuit has not ruled yet on Petitioner's request for a certificate of appealability.

For the reasons discussed below, Petitioner's motions for reconsideration will be denied.

DISCUSSION

Petitioner moves for reconsideration on the following grounds: (1) the Court erroneously understood that Petitioner is in federal custody facing deportation proceedings when, in fact, Petitioner is in federal custody serving a sixteen-year sentence that was enhanced by the state convictions; (2) the Court was not aware that Petitioner had filed state habeas petitions attacking his state convictions while he was in custody under those convictions; (3) even though he was not in state custody when he filed the instant petitions, he should be excepted from application of the in-custody rule because the state courts refused, without justification, to rule on the merits of his petitions.

---

[1]Petitioner has filed a motion requesting an extension of time to apply for leave to proceed in forma pauperis on appeal. Because the Court already granted Petitioner leave to proceed in forma pauperis on appeal, the motion is DENIED as moot.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1    Additionally, the Court has obtained the following information

2  relevant to Petitioner's motion which Petitioner did not provide in

3  his moving papers: (1) the federal sentence he is serving was

4  imposed after Petitioner, in 2008, plead guilty in this district in

5  United States of America v. Alfonso Cervantes Reyes, Case No. CR

6  05-00516 JF; (2) Petitioner currently is pursuing an appeal of his

7  guilty plea and the sentence in that case; (3) Petitioner argues in

8  the appeal that his federal sentence should not have been enhanced

9  by the two state convictions at issue in the present petitions

10 because the convictions are constitutionally infirm; (4) in

11 response to the appeal, the Government has argued that Petitioner

12 waived his right to appeal when he plead guilty and that he must,

13 instead, proceed by way of a motion to vacate under 28 U.S.C.

14 § 2255; (5) Petitioner's reply to the Government is due on November

15 7, 2011.  See United States of America v. Alfonso Cervantes Reyes,

16 Case No. 10-10369.

17    Petitioner is correct that the newly-asserted facts that

18 he is in federal custody serving a federal sentence rather than

19 facing deportation proceedings, and that he challenged his state

20 convictions when he was in state custody, change the Court's

21 analysis concerning his challenge to his state convictions in the

22 present petitions.  For the reasons discussed below, however, the

23 Court's conclusion that the petitions must be dismissed remains the

24 same.

25    In the present petitions, Petitioner brings a direct challenge

26 under 28 U.S.C. § 2254 to his expired state court convictions.  As

27 the Court previously determined, Petitioner cannot directly

28 challenge the validity of those convictions because they have

**United States District Court**
For the Northern District of California

expired and, therefore, Petitioner no longer is "in custody" under those convictions.  See Maleng v. Cook, 490 U.S. 443, 492 (1989) (per curiam).  In the instant motions, Petitioner argues he does meet the in-custody requirement because the state courts improperly refused to rule on the merits of his state habeas challenges to the convictions.  In so doing, Petitioner cites to United States Supreme Court case law that discusses the in-custody requirement for challenges to expired convictions used to enhance later sentences.

Specifically, the Supreme Court has held that a petitioner challenging in habeas corpus the validity of an expired conviction which he maintains is being used as a predicate or enhancement to his current confinement or sentence satisfies the custody requirement, even if he no longer is in custody on the prior conviction.  See Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 401-02 (2001).  Importantly, however, the Supreme Court has clarified that, regardless of whether the custody requirement is met, concerns of easy administration and interest in promoting the finality of state court criminal judgments dictate that the expired conviction itself cannot be challenged in an attack upon the later sentence it was used to enhance.  See Daniels v. United States, 532 U.S. 374, 379-83 (2001) (prior state conviction cannot be challenged in § 2255 motion challenging current federal sentence enhanced by prior conviction); Coss, 532 U.S. at 402-03 (prior state conviction cannot be challenged in § 2254 petition challenging current state sentence enhanced by prior conviction).

//

//

As explained by the Supreme Court:

> If, however, a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant is without recourse.  The presumption of validity that attached to the prior conviction at the time of sentencing is conclusive, and the defendant may not collaterally attack his prior conviction through a motion under § 2255.

Daniels, 532 U.S. at 382; see Coss, 532 U.S. at 403-04 (accord, discussing collateral attack on expired conviction in § 2254 petition).  The only exception to this rule is for a claim that the prior conviction was unconstitutional because there was a failure to appoint counsel in violation of the Sixth Amendment right to counsel as set forth in Gideon v. Wainwright, 372 U.S. 335 (1963).  See Daniels, 532 U.S. at 382; Coss, 532 U.S. at 404.

The Supreme Court also recognized that "there may be rare cases in which no channel of review was actually available to a defendant with respect to a prior conviction, due to no fault of his own." Daniels, 532 U.S. at 383; see Coss, 532 U.S. at 404 (accord).  In neither the Daniels nor Coss case, however, did the circumstances require the Supreme Court to determine whether, or under what circumstances, a petitioner might be able to challenge on such grounds the validity of an expired conviction used to enhance a current sentence.  See Daniels, 532 U.S. at 383; Coss, 532 U.S. at 405-06.

Petitioner relies upon the Supreme Court's statement concerning a possible "rare cases" exception to argue that reconsideration should be granted to allow him to show that he satisfies the in-custody requirement to challenge his expired

convictions in the present § 2254 petitions because the state courts improperly failed to consider his state habeas challenges to those convictions while Petitioner still was in custody on them.

This argument is unavailing for two reasons.  First, Petitioner can meet the in-custody requirement to challenge his expired state convictions only if he is challenging their use to enhance his current federal sentence.  As noted, in the instant petitions Petitioner is not challenging the enhancement of his federal sentence by the alleged invalid state convictions, nor can he do so.  Accordingly, Petitioner must bring any such challenge in a direct or collateral challenge to his federal sentence.

Second, the "rare cases" exception that might allow review of an expired state conviction because the state courts improperly rejected a challenge to that conviction does not go to the question of custody.  Rather, as the Supreme Court explained in <u>Daniels</u> and <u>Coss</u>, such exception is relevant to the question of the proper weight to be given to the state court criminal judgment relied upon to enhance the current sentence.  Accordingly, to the extent Petitioner argues that the state courts improperly rejected his state habeas challenges to his expired convictions, Petitioner must raise such argument in the court reviewing his challenge to his federal sentence.

Based on the above, the Court concludes that Petitioner is not entitled to reconsideration because he does not meet the custody requirement for challenging his expired state convictions in § 2254 petitions that seek only to invalidate those convictions.  Instead, Petitioner may be able to meet the custody requirement by challenging the use of the expired state convictions to enhance his

**United States District Court**
For the Northern District of California

current federal sentence, which he must do by way of a direct or collateral challenge to that sentence.

Accordingly, the motions for reconsideration are DENIED.

This Order terminates Docket no. 10 (Motion for Reconsideration) in Case No. 10-05643 CW (PR), and Docket Nos. 10 (Motion for Reconsideration) and 17 (Motion for Extension of Time to File <u>In Forma Pauperis</u> Application) in Case No. 10-05795.

IT IS SO ORDERED.

Dated:   10/20/2011



CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ALFONSO C REYES,

        Plaintiff,

  v.

JERRY BROWN et al,

        Defendant.

_____/

Case Number: CV10-05643 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 20, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Alfonso Cervantes Reyes 10337-111
Federal Correctional Institution - Ashland
P.O. Box 6001
Ashland, KY 41105

Dated: October 20, 2011

Richard W. Wieking, Clerk
By: Nikki Riley, Deputy Clerk

United States District Court
For the Northern District of California